**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114391

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Julie Kern, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Frontline Asset Strategies, LLC and Velocity Investments, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Julie Kern, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Frontline Asset Strategies, LLC and Velocity Investments, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Julie Kern is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Frontline Asset Strategies, LLC, is a Minnesota Limited Liability Company with a principal place of business in Ramsey County, Minnesota.

8. On information and belief, Defendant Velocity Investments, LLC, is a New Jersey Limited Liability Company with a principal place of business in Monmouth County, New Jersey.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated September 25, 2017. (**"Exhibit 1."**)

16. The letter was the initial communication Plaintiff received from Defendants.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain the amount of the debt.

2

20. The written notice must contain the name of the creditor to whom the debt is owed.

21. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

28. The manner in which a collection letter is formatted, including but not limited to choice of font size, font type, line breaks, page breaks, and use of transitional language could overshadow a consumer's validation rights of the letter is formatted in such a way as to render the consumer's statutorily prescribed validation rights visually inconspicuous.

29. The Letter sets forth Plaintiff's statutorily prescribed validation rights on the reverse side.

30. While the front side of the Letter sets forth the words "**IMPORTANT NOTICE**" in capitalized, boldfaced font, said "**IMPORTANT NOTICE**" does not inform the consumer

3

that there is important information on the reverse side of the Letter, but rather that "This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

31. Thereafter, after a line break and towards the very bottom of the Letter, each Letter states "Please see the reverse side or next page for important consumer notices."

32. The statement "please see the reverse side or next page for important consumer notices" is set forth in the same font size and type face as the entire body of the Letter, where such body consists of dense text.

33. The statement "Please see the reverse side or next page for important consumer notices" is visually inconspicuous.

34. Due to the visually inconspicuous manner in which the statement "Please see the reverse side or next page for important consumer notices" is presented, the least sophisticated consumer is unlikely to see such statement.

35. As such, the least sophisticated consumer is unlikely to flip to the reverse side of the Letter, and, in turn, unlikely to read her statutorily prescribed validation rights.

36. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

37. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

38. The manner in which the Letter is formatted would likely result in the least sophisticated consumer overlooking her rights.

39. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

40. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

41. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

42. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

43. Defendants violated § 1692g as Defendants overshadowed the information required to be provided by that Section.

## CLASS ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter which sets forth the consumer's validation rights in the same fashion as the Letter herein, from one year before the date of this Complaint to the present.

45. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

46. Defendants regularly engage in debt collection.

47. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a collection letter which sets forth the consumer's validation rights in the same fashion as the Letter herein.

48. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

50. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: September 10, 2018

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114391

BARSHAY | SANDERS<sub>PLLC</sub>
100 Garden City Plaza, Suite 500
Garden City, New York 11530